FILED

**BY FAX**

MATTHEW C. KLASE [SBN 221276]
WEBB, KLASE & LEMOND, L.L.C.
1900 The Exchange, S.E.
Suite 480
Atlanta, Georgia 30339
Tel: (770) 444-0998
Fax: (770) 444-0271
Matt@WebbLLC.com

Attorneys for Plaintiff
FIGUEROA PROJECT 2, L.L.C.

2008 DEC 23  PM 3: 27

CLERK U.S. DISTRICT COURT
CENTRAL DIST. C. CALIF.
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

FIGUEROA PROJECT 2, L.L.C.,

      Plaintiff,

      vs.

CITY OF LOS ANGELES, a California municipal corporation,

      Defendant.

Case No. **CV08-08508 PA VBKx**

**COMPLAINT AND REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**

**JURY DEMAND**

## COMPLAINT
## AND REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF

    COMES NOW Plaintiff Figueroa Project 2, L.L.C. ("Project") and for a cause of action against Defendant City of Los Angeles, a California municipal corporation ("City"), hereby alleges as follows:

## PARTIES

    1.    Plaintiff Project is a limited liability company authorized to do and doing business in the State of California. Project is in the business of leasing wall space from local property owners for the purpose of posting and operating advertising signs.

1    2.    Defendant City is a political subdivision of the State of California

2  located in the County of Los Angeles.  The City has enacted and is enforcing a

3  comprehensive set of Sign Regulations.[1]

4                                **JURISDICTION**

5    3.    Plaintiff's claims arise under the First and Fourteenth Amendments

6  to the United States Constitution, Section 1983 of the Civil Rights Act, and

7  Section 2201 and 2202 of the Declaratory Judgment Act.  This Court has original

8  jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff's state law claims are so

9  related to Plaintiff's federal law claims that this Court has supplemental

10  jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11    4.    Defendant is subject to the jurisdiction of this Court and venue is

12  proper against Defendant pursuant to 28 U.S.C. § 1391(b) under the facts and

13  circumstances as alleged herein.

14                      **GENERAL FACTUAL ALLEGATIONS**

15    5.    Within the last few months, Project and the owners of the properties

16  located at (i) 888 S. Figueroa Street, Los Angeles, California 90017, (ii) 757

17  Flower Street, Los Angeles, California 90017, and (iii) 1106 S. Broadway, Los

18  Angeles, California 90015 (collectively referred to as "the subject properties")

19  entered into lease agreements authorizing Project to utilize the walls of the

20  buildings located on the properties for the purpose of displaying advertising

21  signage thereon.

22

23

24

25

[1]  As used herein, the term "Sign Regulations" refers to Chapter I, Article 4.4 of the City Code, and all other City regulations which define, restrict, exempt, prohibit, and/or otherwise regulate signage in the City, including but not limited to Code Sections 91.106 and 91.6201-91.6216.

6.      After negotiating these leases, Figueroa consulted and reviewed the City Sign Regulations to determine how to apply for sign permits. Figueroa discovered that the signs fall within the City's definition of a "supergraphic sign." See Sign Reg., §§ 14.4.2. Although supergraphic signs are generally banned, City officials have discretion to grant exemptions from this ban without reference to any objective criteria. Furthermore, Figueroa became aware that the Regulations do not place a time limit on the application process, meaning that it could be weeks or even months before Figueroa received a response to its permit application. As such, Figueroa was extremely wary about submitting to the City's permitting process.

7.      Indeed, Figueroa's concerns regarding the Sign Regulations have already been validated by this Court. In World Wide Rush, LLC v. City of Los Angeles, 563 F. Supp. 2d 1132 (C.D. Cal. 2008), two companies which operate supergraphic signs throughout the City without permits challenged the City's Sign Regulations on the grounds they are unconstitutional speech restrictions. Id. at 1136-37. When the City issued several Orders to Comply seeking the removal of the signs, the plaintiffs sought a preliminary injunction enjoining the City from enforcing its regulations until the case was resolved. Id.

8.      The Court granted the injunction on the grounds that plaintiffs' success on the merits was likely. Among several holdings rendered in its opinion, the Court determined that several pertinent Sign Regulations, including Section 14.4.4(B)(9) a/k/a the "supergraphic ban" and Section 14.4.4(B)(11) a/k/a the "off-premise ban," were constitutionally deficient because they granted

1   unfettered discretion to local officials to license speech.[2]  Id. at 1138-52.  The

2   Court was particularly disturbed by the many exceptions to the Regulations

3   which allow City officials to authorize certain individuals and entities to maintain

4   otherwise banned signs whenever they deem fit. Id. at 1141-45.

5       9.    The Court ultimately preliminarily enjoined the City from enforcing

6   the invalid regulations against the plaintiffs. Id. at 1152.

7       10.    Other recent legal precedents have also called the City's Regulations

8   into question.  For example, in February 2008, Commissioner John Green sitting

9   as Superior Court Judge in the case of People v. Sedighan, Los Angeles Superior

10  Court Case No. 7CA00192, determined that the City of Los Angeles' permitting

11  provisions for supergraphic signs were unconstitutional and void.  As the City

12  was a party to this proceeding, it is well aware of this finding.  Further, in 2007

13  the City lost the case of Metro Lights, L.L.C. v. City of Los Angeles, 488 F.

14  Supp. 2d 927 (C.D. Cal. 2006), before this Court.

15      11.    Rather than submit to regulations that have already been found by

16  this and other Courts to be constitutionally invalid on multiple occasions,

17  Figueroa retained a professional sign posting company to post "supergraphic"

18  signs on the subject properties.

19      12.    Even though its Regulations have been declared unconstitutional,

20  Figueroa is aware that the City continues to enforce these regulations through the

21  issuance of citations.  Figueroa fully anticipates that its signs will soon be cited

22  by the City.

23

24    [2] The Court also determined that the City's ban on off-site and supergraphic signs within 2,000

25  feet of a freeway (Section 14.4.6) violated the Central Hudson test applicable to commercial
speech. World Wide Rush, 563 F. Supp. 2d at 1148-52.

13.   Figueroa seeks a declaration that the City's Sign Regulations are unconstitutional and an injunction prohibiting the City from enforcing the invalid regulations against it or the property owner at the subject properties.

## FIRST CLAIM FOR RELIEF

### First and Fourteenth Amendments

14.   Plaintiff incorporates by reference the allegations in Paragraphs 1-13 above as if set forth verbatim herein.

15.   The Sign Regulations are unconstitutional on their face and as applied because they abridge rights secured by the First and Fourteenth Amendments to the United States Constitution and Article I, §§ 2 and 7 of the California Constitution in that they:

  (a)   grant unfettered discretion to City officials to license speech (e.g., Sign Reg., §§ 14.4.4(B)(9), 14.4.4(B)(11), 91.106.3.1, 91.6201.2; 91.6201.2(1)(b));

  (b)   lack requisite procedural safeguards, such as a time limit on the application process (e.g., id. at § 91.106);

  (c)   violate the Central Hudson test on commercial speech, in that they fail to (i) directly advance a substantial governmental interest or (ii) reach no further than necessary to serve that interest (e.g., Sign Reg., §§ 14.4.4(B)(9), 14.4.4(B)(11), 14.4.5, 14.4.6, 91.106.3.1, 91.6201.2; 91.6201.2(1)(b)); and

  (d)   violate equal protection (e.g., Sign Reg., §§ 14.4.4(B)(9), 14.4.4(B)(11), 91.106.3.1, 91.6201.2; 91.6201.2(1)(b)).

16.   An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendant concerning the unconstitutionality of the Sign

1   Regulations.  A judicial declaration is necessary and appropriate so the parties
2   may ascertain their rights, duties, and obligations with respect to the Sign
3   Regulations.

### SECOND CLAIM FOR RELIEF

### Injunctive Relief

6       17.   Plaintiff incorporates by reference the allegations in Paragraphs 1-16
7   above as if set forth verbatim herein.

8       18.   Despite the constitutional deprivations referenced above, the City
9   intends to cite the subject signs and attempt to have them removed.

10       19.   The City should be enjoined from taking any action to remove the
11   subject signs because:

12           (a)   there is a substantial likelihood that Plaintiff will show that
13   the regulations which form the basis of the City's actions are
14   unconstitutional, as has already been determined in the <u>World</u>
15   <u>Wide Rush</u> matter and elsewhere;

16           (b)   there is a substantial threat that immediate irreparable injury
17   will result if the City is not restrained, namely the loss of
18   speech rights, which is *per se* an irreparable injury;

19           (c)   Plaintiff's loss of speech rights far outweighs any potential
20   harm to the City; and

21           (d)   allowing Plaintiff to continue to exercise its speech rights will
22   not disserve the public interest.

23       20.   Because Plaintiff has satisfied all of the criteria for preliminary
24   injunctive relief, this Court should restrain and/or enjoin the City from enforcing
25   the Sign Regulations during the pendancy of this case.

WHEREFORE, Plaintiff prays for judgment as follows:

(1) For a judicial declaration and decree that the Sign Regulations are unconstitutional on their face and as applied to Plaintiff, because they violate rights guaranteed by the First and Fourteenth Amendments to the United State Constitution and Article I, §§ 2 and 7 of the California Constitution;

(2) For this Court to preliminarily and permanently enjoin the City from removing the subject signs;

(3) For an award of such damages as are authorized by law;

(4) For an award of attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988;

(5) For a trial by jury on any issue that should not be resolved by the Court as a matter of law; and

(6) For such other and further relief as the Court may deem just and equitable.

DATED:  December 23, 2008        WEBB, KLASE & LEMOND, L.L.C.

By:_____
        Matthew C. Klase

        Attorneys for Plaintiff
        Figueroa Project 2, L.L.C.

Matthew C. Klase [SBN 221276]
Webb, Klase & Lemond, L.L.C.
1900 The Exchange S.E., Suite 480
Atlanta, GA 30339
(770) 444-0998; (770) 444-0271 (fax)
matt@webbllc.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Figueroa Project 2, L.L.C.<br><br>PLAINTIFF(S)<br><br>v.<br><br>City of Los Angeles, a California municipal corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br>**CV08-08508**   PA[...]<br><br>**SUMMONS**<br><br>BY FAX |

TO:   DEFENDANT(S):   Ci̲t̲y̲ o̲f̲ L̲o̲s̲ A̲n̲g̲e̲l̲e̲s̲ c̲/o̲ M̲a̲y̲o̲r̲ A̲n̲t̲o̲n̲i̲o̲ V̲i̲l̲l̲araigosa

   A lawsuit has been filed against you.

   Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Matthew C. Klase_____, whose address is _1900 The Exchange S.E., Suite 480, Atlanta, GA 30339_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

                                                  Clerk, U.S. District Court

                DEC 2 3 2008
Dated: _____         By: _Natalie Chongeria_____
                                                  Deputy Clerk

                                                  *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Figueroa Project 2, L.L.C. | City of Los Angeles, a California municipal corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Matthew C. Klase [SBN 221276], Webb, Klase & Lemond, L.L.C. 1900 The Exchange S.E., Suite 480, Atlanta, GA 30339 (770) 444-0998; (770) 444-0271 (fax) | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff is alleging violations of the First & Fourteenth Amendments to the U.S. Constitution.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** |
| ☐ 490 Cable/Sat TV | ☐ 350 Motor Vehicle | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 240 Torts to Land | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | |
| ☐ 290 All Other Real Property | |

| FOR OFFICE USE ONLY: | Case Number: CV08-08508 |
|---|---|

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☐ No   ☑ Yes
If yes, list case number(s):  CV08-5066-R; CV07-238-ABC; CV08-04501-GHK (all related to the constitutionality of the City Sign Regulations)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
        ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
        ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
        ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Clark County, Nevada |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note  In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 12/23/08

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |